| | |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | 20MC176<br>District Judge Colleen mcMahon |
| IN RE: CORONAVIRUS/COVID-19 PANDEMIC | M10-468 |
| THIS MATTER RELATES TO: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings | STANDING ORDER |

On March 13, 2020, the President of the United States declared that the Coronavirus Disease 2019 ("COVID-19") outbreak constitutes a national emergency under the National Emergencies Act, 50 U.S.C. §§ 1601 *et seq.*

On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which provides that, subject to certain requirements, video teleconferencing and telephone conferencing may be used in enumerated criminal proceedings in certain circumstances during the national emergency related to the Coronavirus Disease 2019 ("COVID-19") and 30 days thereafter.  On March 29, 2020, the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the President with respect to COVID-19 materially have affected and will materially affect the functioning of the federal courts generally.

As of today's date, there have been over 30,000 confirmed cases of COVID-19 in New York City alone, and estimates suggest that the number of cases may be many times greater. The current public health crisis has caused, is causing, and is expected to continue to cause extraordinary disruption throughout this District, including, but not limited to the temporary closure of offices; the imposition of travel restrictions and discouragement of the use of mass transportation; the dislocation of many residents; and disruptions and delays in the use of the mails. Cases of COVID have been diagnosed among members of the staff of this Court and/or members of their immediate families, which has required the closure of certain operations and

made it impossible for members of the court staff to appear for work. Moreover, diagnosed cases of COVID-19 in the population of the Metropolitan Correction Center and the Metropolitan Detention Center have caused, and are likely to cause, restrictions on the movement of defendants to and from court. These and other considerations make it increasingly necessary for judges in this District to conduct proceedings remotely, by videoconference or other means, with defense counsel and defendants sometimes in separate locations.

For these reasons, IT IS ORDERED THAT, on motion of the undersigned, the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, is authorized for the following proceedings with the consent of the defendant, or juvenile, after consultation with counsel:

- Detention hearings under section 3142 of title 18, United States Code;

- Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

- Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

- Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

- Arraignments under Rule 10 of the Federal Rules of Criminal Procedure

- Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

- Pretrial release revocation proceedings under section 3148 of title 18, United States Code;

- Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

- Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure;

- Proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

IT IS FURTHER ORDERED THAT, on motion of the undersigned, the undersigned specifically finds that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure; felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure; and equivalent plea and sentencing, or disposition, proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act") cannot be conducted in person without seriously jeopardizing public health and safety, and thus video teleconferencing, or telephone conferencing if video conferencing is not reasonably available, may be used in such proceedings with the consent of the defendant, or juvenile, after consultation with counsel and a upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice.

IT IS FURTHER ORDERED that, because the CARES Act does not require the consent of a defendant or juvenile to be in writing, such consent may be obtained in whatever form is most practicable under the circumstances, so long as the defendant's consent is clearly reflected in the record.

IT IS FURTHER ORDERED that any authorization to use video teleconferencing or telephone conferencing pursuant to this Order may be terminated by further Order of the Court or pursuant to Subsections (b)(3) and (b)(5) of the relevant provisions of the CARES Act.

SO ORDERED.

Dated:  March 30, 2020
        New York, New York

                                                _____
                                                COLLEEN McMAHON
                                                Chief United States District Judge