

Chief Judge Colleen McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: CORONAVIRUS/COVID-19 PANDEMIC

THIS MATTER RELATES TO: Video
Teleconferencing and Telephone Conferencing for
Criminal Proceedings

---

M10-468

AMENDED
STANDING ORDER

U.S. DISTRICT COURT
FILED
JUN 2 4 2020
S.D. OF N.Y.

McMahon, C.J.:

WHEREAS, on March 13, 2020, the President of the United States declared that the Coronavirus Disease 2019 ("COVID-19") outbreak constitutes a national emergency under the National Emergencies Act, 50 U.S.C. §§ 1601 *et seq;* and.

WHEREAS, on March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which provides that, subject to certain requirements, video teleconferencing and telephone conferencing may be used in enumerated criminal proceedings in certain circumstances during the national emergency related to the Coronavirus Disease 2019 ("COVID-19") and for 30 days thereafter; and

WHEREAS, on March 29, 2020, the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the President with respect to COVID-19 materially have affected and will materially affect the functioning of the federal courts generally; and

WHEREAS, On March 30, 2020, this court entered an order concluding that it was necessary for the judges in this District to conduct proceedings remotely in accordance with the CARES Act; and

WHEREAS, by law, said order will expire on June 27, 2020; and

WHEREAS, many judges and staff of the United States District Court for the Southern District of New York, as well as many lawyers who practice in this court, continue to work remotely in light of local conditions; the United States Attorney's Office for the Southern District of New York presently has only a skeleton crew of Assistant United States Attorneys in its offices; the Office of the Federal Defender of New York remains closed to all but a few attorneys and administrative personnel; and

WHEREAS, pre-trial detainees housed at the Metropolitan Correction Center, the Metropolitan Detention Center and the Queens Detention Facility are not presently being produced to the courthouse for in-person proceedings, and detainees housed in local jails north of New York City cannot be produced with regularity; and

WHEREAS, these conditions make it necessary for the judges in this District to continue to conduct proceedings remotely, by videoconference or teleconference;

The undersigned, as Chief Judge of this court, hereby conclude, for the reasons previously stated, that it remains necessary to invoke the provisions of the CARES Act for the holding of criminal proceedings for ninety additional days, commencing with the expiration of my original order on June 27, 2020.

IT IS, THEREFORE, ORDERED THAT the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, is authorized for the following proceedings with the consent of the defendant, or juvenile, after consultation with counsel:

- Detention hearings under section 3142 of title 18, United States Code;

- Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

- Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

- Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

- Arraignments under Rule 10 of the Federal Rules of Criminal Procedure

- Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

- Pretrial release revocation proceedings under section 3148 of title 18, United States Code;

- Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

- Misdemeanor pleas and sentencings as described in Rule 43(6)(2) of the Federal Rules of Criminal Procedure;

- Proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings

The undersigned having specifically found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure; felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure; and equivalent plea and sentencing, or disposition, proceedings under the Federal

Juvenile Delinquency Act cannot be conducted in person without seriously jeopardizing public health and safety,

IT IS FURTHER ORDERED that video teleconferencing, or telephone conferencing if video conferencing is not reasonably available, may be used in such proceedings with the consent of the defendant, or juvenile, after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice.

IT IS FURTHER ORDERED that, because the CARES Act does not require the consent of a defendant or juvenile to be in writing, such consent may be obtained in whatever form is most practicable under the circumstances, so long as the defendant's consent is clearly reflected in the record.

IT IS FURTHER ORDERED that any authorization to use video teleconferencing or telephone conferencing pursuant to this Order may be terminated by further Order of the Court or pursuant to Subsections (6)(3) and (6)(5) of the relevant provisions of the CARES Act.

IT IS SO ORDERED.

Dated: June 24, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge